IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

CATHERINE STABLER,

    PLAINTIFF,

                                          CIVIL ACTION NO:
V.                                    2:16-cv-00343

WILCOX COUNTY COMMISSION,

    DEFENDANT.                        JURY TRIAL REQUESTED

## COMPLAINT

### I.    JURISDICTION

1.    This action for injunctive relief and damages is brought pursuant to 28 U. S.C. §§ 1331, 1343(4), 2201 and 2202. This is a suit authorized and instituted pursuant to Title VII of the "Civil Rights Act of 1964" as amended. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by Title VII for religious discrimination. The jurisdiction of this Court is invoked pursuant to the Fourteenth Amendment of the United States Constitution. This is an action brought to 42 U.S.C. §1983, *et seq.*, to recover civil damages arising from the violations of the Fourteenth Amendment to the U.S. Constitution which resulted in the Defendant's failure to hire Plaintiff Catherine Stabler because of her religion.

2.     Plaintiff has fulfilled all conditions to the institution of this action under Title VII.  Plaintiff timely filed her charges of discrimination with the Equal Employment Opportunity Commission within 180 days of the last discriminatory act (Exhibit A).  Plaintiff further filed her suit within ninety (90) days after receipt of her right-to-sue letters issued by the EEOC regarding Defendant (Exhibit B).

## II.     PARTIES

3.      Plaintiff, Catherine Stabler hereinafter "Plaintiff," is a citizen of the United States and a resident of Camden, Wilcox County, Alabama.

4.     Defendant,   WILCOX   COUNTY   COMMISSION   (hereinafter "Defendant"), employed over 15 people for 20 or more calendar weeks during the years complained of herein and is an entity subject to suit under Title VII. Defendant is subject to service of process in Alabama.  Therefore, this Court has personal jurisdiction over Defendant.  Defendant employs at least 15 individuals.

## III.    STATEMENT OF FACTS

5.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 4 above with the same force and effect as if fully set forth herein.

6.     On March 16, 2016, Defendant posted that it was seeking to fill the position of Assistant County Administrator/Bookkeeper.

2

7.    Prior to Defendant's posted deadline of March 30, 2016 for submitting applications, Plaintiff submitted her application for the position of Assistant County Administrator/Bookkeeper.

8.    Plaintiff submitted her application for the position of Assistant County Administrator/Bookkeeper to Chairman John Moton, Jr.

9.    Plaintiff had the qualifications for the position of Assistant County Administrator/Bookkeeper, as she possessed both a high school and college degree.

10.    Plaintiff earned a college degree is in public administration from Talladega College.

11.    Plaintiff had the requisite preferred years of "professional work experience in a government setting."

12.    Plaintiff possessed a current and valid Alabama's driver's license.

13.    Plaintiff was able to travel overnight for meetings and training

14.    Plaintiff had the ability to become bonded as a notary public.

15.    Plaintiff had the ability to be on call 24/7.

**IV.    COUNT ONE – TITLE VII – Religious Discrimination**

16.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 15 above with the same full force and effect as if set forth fully herein.

17.    Plaintiff is an ordained evangelist.

3

18. Plaintiff submitted her application for the position of Assistant County Administrator/Bookkeeper to Chairman John Moton, Jr.

19. Despite the fact that Plaintiff submitted her application to John Moton, Sr., as directed by the Defendant's position announcement, Moton did not allow Plaintiff to be interviewed by the other members of the Wilcox County Commission.

20. Moton submitted four people for interview with the other members of the Wilcox County Commission.

21. Moton selected four people for the interview process that were less qualified that Plaintiff.

22. The Commission selected Tymika Bosby for the position of Assistant County Administrator/Bookkeeper.

23. Bosby possessed a college degree, but she was otherwise plainly less qualified than Plaintiff.

24. When Plaintiff submitted her application to Moton, he complained to her that she had too much "God stuff" in her application.

25. Moton told Plaintiff, "I guess you thought God was going to get you this job, but I got your damned application."

26. Moton told Plaintiff, "I guess you need to go and pray your little evangelist prayer," and then he laughed at Plaintiff.

4

27. Moton said, "I told you that you could not put God into everything."

28. Plaintiff began crying and then left the premises.

29. As Plaintiff exited, Moton called out to her and stated, "You can ask God, the EEOC, or whoever you want and they will tell you that as President and Chair, I can do whatever I damn well please," and then he started laughing again.

30. His final statement was "You see what God got you."

31. In violation of Title VII, Defendant was substantially motivated by Plaintiff's religious status as a Christian Ordained Evangelist, in not selecting Plaintiff to be interviewed by the entire Wilcox County Commission over that of four less qualified applicants and ultimately selecting an applicant that was significantly less qualified than that of the Plaintiff.

## V.    COUNT TWO – 42 U.S.C. § 1983 – RELIGIOUS DISCRIMINATION

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 above with the same full force and effect as if set forth fully herein.

33. Plaintiff is an ordained evangelist.

34. Plaintiff submitted her application for the position of Assistant County Administrator/Bookkeeper to Chairman John Moton, Jr.

35. Despite the fact that Plaintiff submitted her application to John Moton, Sr., as directed by the Defendant's position announcement, Moton did not allow Plaintiff to be interviewed by the other members of the Wilcox County

Commission.

36.    Moton submitted four people for interview with the other members of the Wilcox County Commission.

37.    Moton selected four people for the interview process that were less qualified that Plaintiff.

38.    The Commission selected Tymika Bosby for the position of Assistant County Administrator/Bookkeeper.

39.    Bosby possessed a college degree, but she was otherwise plainly less qualified than Plaintiff and Commissioner McIntosh stated "I'm very thrilled that Ms. Bosby has agreed to go to school, take all the classes that [the other administrator] has taken."

40.    When Plaintiff submitted her application to Moton, he complained to her that she had too much "God stuff" in her application.

41.    Moton told Plaintiff, "I guess you thought God was going to get you this job, but I got your damned application."

42.    Moton told Plaintiff, "I guess you need to go and pray your little evangelist prayer," and then he laughed at Plaintiff.

43.    Moton said, "I told you that you could not put God into everything."

44.    Plaintiff began crying and then left the premises.

45.    As Plaintiff exited, Moton called out to her and stated, "You can ask

6

God, the EEOC, or whoever you want and they will tell you that as President and Chair, I can do whatever I damn well please," and then he started laughing again.

46. His final statement was "You see what God got you."

47. In violation of Title VII, Defendant was substantially motivated by Plaintiff's religious status as a Christian Ordained Evangelist, in not selecting Plaintiff to be interviewed by the entire Wilcox County Commission over that of four less qualified applicants and ultimately selecting an applicant that was significantly less qualified than that of the Plaintiff.

## VI.    PRAYER FOR RELIEF:

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII and 1983.

B.    Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant from continuing to violate Title VII and 1983

C.    Enter an Order requiring Defendant to make Plaintiff whole by awarding her front-pay, back pay (plus interest), compensatory damages, nominal

7

damages, special damages, and injunctive and declaratory relief, and benefits of employment.

D.      Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

_____
DAVID R. ARENDALL

_____
ALLEN D. ARNOLD

OF COUNSEL:
ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
205.252.1550 – Office
205.252.1556 – Facsimile

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**DEFENDANT'S ADDRESS:**

Wilcox County Commission
c/o Any Officer or Agent
12 Water Street
Camden, AL 36726

8

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 420-2016-02128 |

and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Catherine Stabler** | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **WILCOX COUNTY COMMISSION** | **15 - 100** | **(334) 682-9731** |

| Street Address | City, State and ZIP Code |
|---|---|
| **P. O. Box 488, Camden, AL 36726** RECEIVED | |

MAY 20 2016

E.E.O.C.
BIRMINGHAM DISTRICT

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN | Earliest: **04-11-2016**   Latest: **04-11-2016** |
| ☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

In March 2016, I applied for the County Assistant Administrator position. I did not receive an interview for the position. I believe that Commissioner John Moton Jr., intentionally removed my application because I am an Evangelist. I previously worked for Commissioner Moton and he told me that I talked about the Bible too much and that you can't put God into everything. After I learned that another person was selected for the position, Commissioner Moton told me that I needed to go and pray an evangelistic prayer. He also accused me of making him look bad because I went to the county board meeting and advised the other council members that I was disappointed that I did not get an interview. The other board members were not aware that I had applied for the position.

I believe that I have been subjected to discrimination because of my religion (Christian) and in retaliation for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| May 17, 2016  *Date*   *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*  May 17, 2016 |

# EXHIBIT B

EEOC Form 161 (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Catherine Stabler | From: **Birmingham District Office** |
|---|---|
| | **Ridge Park Place** |
| | **1130 22nd Street** |
| | **Birmingham, AL 35205** |

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | Serena A. Curry, | |
| 420-2016-02128 | Investigator | (205) 212-2072 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____
**Delner Franklin-Thomas,**
**District Director**

JUN 1 4 2016
*(Date Mailed)*

Enclosures(s)

cc:   **WILCOX COUNTY COMMISSION**
**c/o Attorney Donald M. McLeod**
**P.O. Box 788**
**Camden, AL 36726**

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***